IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY JORGENSEN ASSOCIATES, INC.,<br>    *Plaintiff,* | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. _____ |
| SHAVETTE R. JONES,<br>BILLY J. SMITH,<br>RYDER TRUCK RENTAL,<br>DENLEEN L. WESLEY and,<br>THE UNITED STATES POSTAL SERVICE<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff **ROY JORGENSEN ASSOCIATES, INC.,** (hereinafter "Plaintiff" or "RJA") and files this its *Plaintiff's Original Complaint* complaining of **SHAVETTE R. JONES** ("Jones" or "Defendant Jones") **BILLY J. SMITH** ("Smith" or "Defendant Smith"), **RYDER TRUCK RENTAL** ("Ryder" or "Defendant Ryder"), **DENLEEN L. WESLEY** ("Wesley" or "Defendant Wesley"), and the **UNITED STATES POSTAL SERVICE** ("USPS")(hereinafter collectively, "Defendants"), and for cause of action against the Defendants would respectfully show the Court as follows:

### I.    SUMMARY OF CLAIMS

1.    On March 3, 2016, at approximately 5:24 a.m., **BILLY J. SMITH** was operating a motor vehicle(license plate #FPZ0364) that was owned by **SHAVETTE R. JONES,** and was involved in an accident on the President George Bush Turnpike ("PGBT"), which caused damage to the infrastructure of the PGBT. This damage was subsequently repaired by RJA.

Pursuant to its contract with the North Texas Tollway Authority, RJA is now seeking reparation payment for the damage caused to the PGBT.

2.  On March 3, 2016, at approximately 5:24 a.m., **DENLEEN L. WESLEY** was operating a **RYDER RENTAL TRUCK** at the instruction and control of **USPS** that was involved in an accident on the PGBT, which caused damage to the infrastructure of the PGBT. This damage was subsequently repaired by RJA. Pursuant to its contract with the North Texas Tollway Authority. RJA is now seeking reparation payment for the damage caused to the PGBT.

## II.   PARTIES AND SERVICE

3.  Plaintiff, **RJA**, is a foreign corporation duly authorized to conduct business in the State of Texas, with its corporate office located at 3735 Buckeystown Pike, Buckeystown, Maryland 21717.

4.  Defendant **SHAVETTE R. JONES** is an individual and can be served with process by serving her at 7317 Bayberry Lane, Dallas, Texas 75249, or wherever she may be found

5.  Defendant **BILLY J. SMITH** is an individual and can be served with process by serving him at 1003 Galloway Avenue, Dallas, Texas 75216 - 1203, or wherever he may be found.

6.  Defendant **RYDER TRUCK RENTAL, INC.** is a domestic for-profit corporation in good standing and organized under the laws of the State of Texas. This Defendant may be served with process through its registered agent Corporation Creations Network Inc., 2425 West Loop South #200, Houston, Texas 77027.

7. Defendant **DENLEEN L. WESLEY** is an individual and can be served with process by serving her at 6201 Windhaven Parkway, Apt. 2222, Plano, Texas 75093-2109, or wherever she may be found.

8. Defendant **UNITED STATES POSTAL SERVICE** is a department of the Executive Branch of the United States Government and may be served with summons in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

### III.   JURISDICTION AND RULE 8 CLAIM FOR RELIEF

9. This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1346(b)(1).

10. Plaintiff seeks only monetary relief for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment.

### IV.   VENUE

11. Venue is proper is Dallas County pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims contained herein occurred in this civil district, and all of the property that is the subject of this action is situated in this judicial district.

### V.   CONDITIONS PRECEDENT

12. All conditions precedent have been performed, have occurred, or have been excused.

13. Specifically, Plaintiff has complied with 28 U.S.C. §§ 2675 and 2679, and the conditions set therein.

## VI.     FACTUAL BACKGROUND

14.     On March 3, 2016, at approximately 5:24 a.m., **BILLY J. SMITH** was operating a motor vehicle(license plate #FPZ0364) that was owned by **SHAVETTE R. JONES,** and was involved in an accident on the President George Bush Turnpike ("PGBT"), which caused damage to the infrastructure of the PGBT.

15.     This damage was subsequently repaired by RJA. Pursuant to its contract with the North Texas Tollway Authority, RJA is now seeking reparation payment for the damage caused to the PGBT.

16.     On March 3, 2016, at approximately 5:24 a.m., **DENLEEN L. WESLEY** was operating a **RYDER RENTAL TRUCK** at the instruction and control of **USPS** that was involved in an accident on the PGBT, which caused damage to the infrastructure of the PGBT.

17.     This damage was subsequently repaired by RJA. Pursuant to its contract with the North Texas Tollway Authority. RJA is now seeking reparation payment for the damage caused to the PGBT.

18.     As of the date of this lawsuit, RJA has received no payment for these services and is still owed at least $12,000.00.

19.     The total amount owed for repair to the PGBT is **$12,000.00**. On June 6, 2016, and September 8, 2016, RJA sent Defendant Jones and Defendant Smith demand letters and invoice dated June 6, 2016, detailing the itemized costs contained within this amount.

20.     On April 28, 2016, RJA sent Defendant Ryder and Defendant Wesley demand letters and invoice dated April 28, 2016, detailed the itemized costs contained within this amount.

21. This invoice is duplicated in part below:

**Description of damages and Repairs made to PGBT:**
    **Barrier wall repair with lane closure:**
        Remove damage concrete, install/remove form and pour concrete
        **$12,000.00**

        **Amount Due:**    **$12,000.00**

22. Plaintiff had ongoing communication with USPS wherein USPS verbally agreed to be held responsible for 50% of the damage and pay half ($6,000) of the total damages.

23. Plaintiff and USPS could not reach an amicable agreement prior to the six month administrative deadline.

### VII.   CAUSES OF ACTIONS

Count 1 – Negligence

24. RJA re-alleges the preceding paragraphs and fully incorporates by references herein.

25. Defendant **BILLY J. SMITH** owed a duty to Plaintiff and to the North Texas Tollway Authority ("NTTA") to operate the vehicle in a safe manner. Defendant **BILLY J. SMITH** violated his duty to Plaintiff and the NTTA by operating the motor vehicle in a manner that caused damages to NTTA's property, the PGBT. Plaintiff repaired the damaged PGBT property at Plaintiff's expense, in an amount for which Plaintiff now sues.

26. Defendant **SHAVETTE R. JONES** owed a duty to Plaintiff and to the NTTA not to negligently entrust her vehicle. Defendant **SHAVETTE R. JONES** violated her duty to Plaintiff and the NTTA by entrusting her motor vehicle to Defendant Smith, who operated the motor vehicle in a negligent manner that caused damages to NTTA's property, the PGBT.

Defendant **JONES** knew or should have known that Defendant Smith was a negligent and unsafe driver. Such negligence was the sole proximate cause, or in the alternative, a proximate cause of the occurrence in question. Plaintiff repaired the damaged PGBT property at Plaintiff's expense, in an amount for which Plaintiff now sues.

27. Defendant **DENLEEN L. WESLEY** owed a duty to Plaintiff and to the North Texas Tollway Authority ("NTTA") to operate the vehicle in a safe manner. Defendant **DENLEEN L. WESLEY** violated his duty to Plaintiff and the NTTA by operating the motor vehicle in a manner that caused damages to NTTA's property, the PGBT. Plaintiff repaired the damaged PGBT property at Plaintiff's expense, in an amount for which Plaintiff now sues.

28. Defendant **RYDER TRUCK RENTAL** owed a duty to Plaintiff and to the NTTA not to negligently entrust its vehicle. Defendant **RYDER TRUCK RENTAL** violated its duty to Plaintiff and the NTTA by entrusting and renting its motor vehicle to Defendant Wesley, who operated the motor vehicle in a negligent manner that caused damages to NTTA's property, the PGBT. Defendant **RYDER** knew or should have known that Defendant Wesley was a negligent and unsafe driver. Such negligence was the sole proximate cause, or in the alternative, a proximate cause of the occurrence in question. Plaintiff repaired the damaged PGBT property at Plaintiff's expense, in an amount for which Plaintiff now sues.

29. Defendant **USPS,** owed a duty to Plaintiff and to the NTTA not to negligently hire and entrust a vehicle. Defendant **USPS**, violated its duty to Plaintiff and the NTTA by hiring and entrusting a vehicle to Defendant Wesley and Defendant Ryder, who operated the motor vehicle in a negligent manner that caused damage to NTTA's property, the PGBT. Defendant **USPS** knew or should have known that Defendant Wesley was a negligent and unsafe driver. Such negligence was the sole proximate cause, or in the alternative, a proximate cause of the

occurrence in question. Plaintiff repaired the damages PGTB property at Plaintiff's expense, in an amount for which Plaintiff now sues.

### Count II – Respondeat Superior

30. At al l times during the commission of the acts and/or omissions, which gave rise to this lawsuit, Defendant Wesley and Defendant Ryder's negligent acts and omissions were committed in the furtherance of their employer's business objectives and within the course and scope of their employment with, and by, **USPS**, and are imputed to **USPS** under the legal theory of *respondeat superior*

### Count III – Suit on Account

31. RJA re-alleges the preceding paragraphs and fully incorporated by reference herein.

32. Pursuant to Texas Rule of Civil Procedure 185, and Texas common law, RJA brings an action against Defendants for services rendered, furnished, and accepted, and for which Defendants have not paid RJA, and for which a systematic record has been kept by RJA, all pursuant to the regular business dealings of the parties. The damages are liquidated. An itemization of the account has been attached to this petition as Exhibit "A". The account is supported by the Affidavit of Alicyn N. Hauck attached hereto as Exhibit "B". Both "A" and "B" are fully incorporated herein by reference into this Original Petition.

33. RJA provided services and labor to Defendants, which Defendants accepted. *See* Exhibits A and B. The invoices and statement represent a systematic record of the account. *See* Exhibits A and B. The charges on the account were just and true, as they are usual, customary, and reasonable prices for the services and labor provided and were in accordance with the parties' course of business. *Id.*

34. All just and lawful offsets, payments, and credits have been applied to the account. *See* Exhibits A and B. As of the filing of this lawsuit, the account remains unpaid in the amount of $12,000.00 plus accrued interest. *See id.*

35. As a result of Defendants' refusal to pay the account, RJA was forced to retain legal counsel to recover the amount due on the account. *See* Exhibit B. A claim for the unpaid amount was presented to Defendants by counsel for RJA, and payment for the just amount owed was not tendered.

### County III – Quantum Meruit

36. RJA re-alleges the preceding paragraphs and fully incorporates by reference herein.

37. RJA rendered services to Defendants. RJA has a legal and equitable right to be paid by Defendants, jointly and severally, for the reasonable value of services rendered. RJA provided services to Defendants in reliance upon, and with the expectation that, RJA would be paid for the services rendered.

38. Defendants accepted RJA's services. Defendants also had notice that RJA expected to be paid for those services. Accordingly, RJA demands payment from Defendants, jointly and severally, for the outstanding balance in an amount of at least $12,000.00 for services rendered, exclusive of interest and attorneys' fees, for which RJA now sues.

### VIII.   **JURY DEMAND**

39. In accordance with Federal Rule of Civil Procedure 38, Plaintiff hereby requests trial by jury and requests that this jury trial be set on the Court's Jury Docket.

## IX.  PRAYER

WHEREFORE, Plaintiff, RJA, respectfully prays that the Defendants, jointly and severally, be cited to appear and answer herein, and that upon final hearing of the cause, that this Court enter judgment in favor of Plaintiff in the amount of at least $12,000.00 for the outstanding balance, plus any additional amounts having accrued at the time of trial, and award Plaintiff its reasonable attorneys' fees as allowed by law, prejudgment and post-judgment interests as allowed by law, and its costs of suit as well as such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully Submitted,

THOMPSON & KNIGHT LLP

/s/ *Paul K. Stafford*
Paul K. Stafford
State Bar No. 00791716
Paul.Stafford@tklaw.com
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214-969-1106
Facsimile: 214-999-1500

**ATTORNEYS FOR PLAINTIFF,
ROY JORGENSEN ASSOCIATES INC.**